493 P.2d 407

Mary Ann HARRIS, Administratrix of the
Estate of Carl Leroy Harris, Deceased,
Plaintiff-Appellee,

v.

Judy Gaye HARRIS, Defendant-Appellant,

v.

MODERN WOODMEN OF AMERICA and
Aetna Life Insurance Company,
Defendants-Appellees.

No. 9320.

Supreme Court of New Mexico.

Jan. 28, 1972.

Wade Beavers, Farmington, for appellant.

Baggett & Baggett, Farmington, for appellees.

OPINION

STEPHENSON, justice.

Judy Gaye Harris ("appellant"), a former wife of Carl Harris ("decedent"), appeals from a judgment involving the proceeds of two insurance policies on the life of the decedent of which she is the beneficiary.

Decedent and a previous wife, Mary Ann Harris ("appellee"), were divorced in 1963. In 1965 decedent married appellant. During their marriage he used community funds to purchase two insurance policies on his own life, and named appellant as beneficiary under each policy. Appellant and decedent were divorced on December 16, 1970. The divorce decree made no disposition of the life insurance policies, and decedent did not change beneficiaries under either policy prior to his death.

**442**

Four days after the divorce, on December 20, 1970, decedent died intestate, survived by both former wives, leaving as his heirs at law three children born to his first marriage.

Appellee, as administratrix of decedent's estate, brought an action for a declaratory judgment as to the rights of the parties to the life insurance proceeds, and defendant insurance companies interpleaded the funds. The court awarded one-half of the proceeds to appellee as administratrix and one-half to appellant. Appellant maintains that she is entitled to all of the proceeds. We agree and reverse.

Although the parties stipulated that decedent was delinquent in certain child support payments, and the court made certain findings as to such delinquencies, appellee did not sue or claim as a creditor of decedent's estate. Rather, she advanced a claim that one-half of the insurance proceeds was owned by decedent's estate. It is clear that the trial court's award was predicated on that theory. Thus decedent's apparent delinquency and appellant's status as a creditor are not factors in our decision.

The parties are in agreement on a number of issues: (1) since the insurance policies were acquired with community funds, they therefore became community property; (2) since the divorce decree made no disposition of the policies, the decedent and appellant owned the policies as tenants in common from the time of the divorce (see In re Miller's Estate, 44 N.M. 214, 100 P.2d 908 (1940); and (3) consequently, appellant, at the least, is entitled to one-half the proceeds by virtue of being a tenant in common as to the policy itself.

The nature of the ownership of the policies, however, does not necessarily resolve the question as to ownership of the proceeds, an issue upon which the parties do not agree. Appellant maintains that she is entitled to the other one-half of the proceeds by virtue of her status as beneficiary. Appellee maintains and convinced the trial court that since decedent owned a one-half interest in the policies as a tenant in common, his right to one-half of the proceeds passed to his estate upon his death.

The majority opinion in In re Miller's Estate, supra, likened an insurance contract to an expressed trust with some attributes of a testamentary distribution without the necessity of probate proceedings. The specially concurring opinion regarded such contract as being choses in action, but both opinions held on the facts there present that the policy itself, including the right to receive the sum named therein (the proceeds) upon the happening of the stated contingency was community property during coverture. The same result is implicit in Hickson v. Herrmann, 77 N.M. 683, 427 P.2d 36 (1967) grounded on the chose in action theory.

The issue here is ownership of the decedent's one-half of the proceeds. It is true, as stated in Hickson, that a person may own some rights in a policy in a manner different from the way in which he owns others, for example, the right to the proceeds. Ownership of rights to the cash surrender value, the right to borrow and the like, may not determine ultimate ownership of the proceeds following the happening of the contingency. This is so because one of the attributes of ownership is the right to designate or change the beneficiary, who owns the proceeds following the happening of the contingency. An insurance policy and rights incident thereto (including a right to the proceeds) is property. Subject to limitations and restrictions which are not present here, an owner may dispose of his real and personal property (including insurance policies), either inter vivos or by testamentary disposition in such manner as he sees fit. An insurance policy is a specialized form of property and a valid mode of disposition of the proceeds is by designation of the beneficiary who will receive them on the happening of a stated event.

Thus, simply because decedent was a tenant in common of the policies,

does not compel us to adopt appellee's conclusion. Decedent, being the owner of half of the policies, had the right to dispose of his half interest in the proceeds as he pleased. Since he did not change the beneficiary prior to his death, however, he exercised the right in favor of appellant. See Stokes v. McDowell, 70 Wash.2d 694, 424 P.2d 910 (1967); Cowan v. Sullivan, 48 Wash.2d 680, 296 P.2d 317 (1956); Northwestern Life Insurance Company v. Perrigo, 47 Wash.2d 291, 287 P.2d 334 (1955). Her divorce from defendant had no effect upon her status as a beneficiary. 5 Couch on Insurance 2d, § 29:4 (1960).

The judgment is reversed. The cause is remanded with instructions to set aside the judgment and proceed in a manner consistent herewith.

It is so ordered.

COMPTON, C. J., and McMANUS, J., concur.