552 P.2d 471

Mary E. PHILLIPS, Petitioner-Appellee,

v.

Geneva WELLBORN, Defendant-Appellant,

v.

John Raymond PHILLIPS and Edith Lola Phillips, Defendants-Appellees.

No. 10766.

Supreme Court of New Mexico.

July 28, 1976.

Robinson, Stevens & Wainwright, George F. Stevens, Albuquerque, for defendant-appellant.

Modrall, Sperling, Roehl, Harris & Sisk, Kenneth L. Harrigan, Albuquerque, for Mary E. Phillips.

Parker, Francis & Everett, Douglas T. Francis, Peter Everett, Albuquerque, for Phillips and petitioner.

## OPINION

SOSA, Justice.

This case presents the issue of whether a former spouse has an interest in term life insurance on the life of her deceased former spouse which was not specifically awarded to either party by the court in their divorce proceeding.

Geneva Wellborn and John R. Phillips, Jr. were married on October 28, 1958. On October 13, 1964 Mr. Phillips took out a term life insurance policy on his life from the Texas Life Insurance Company. His beneficiaries thereunder were his parents, John Phillips, Sr. and Edith Lola Phillips. On December 1, 1968 Mr. Phillips took out a second term life insurance policy on his life from New York Life Insurance Company. The beneficiary under this policy was originally his estate but on February 19, 1973 he changed it to his parents as in the other policy. On June 18, 1970 Geneva and John were divorced. The decree did not dispose of either policy. Mr. John Phillips, Jr. married Mary E. Phillips on October 22, 1971. On April 13, 1973 John Phillips, Jr. died.

Mary E. Phillips sought declaratory relief against John, Sr., and Edith Phillips, Geneva Wellborn, and the life insurance companies to determine the ownership of the proceeds of four life insurance policies, including the two in controversy here. The trial court awarded the proceeds to the respective beneficiaries under the policies. The only issue before us in this appeal is whether Geneva Wellborn has any interest in the two term life insurance policies.

Appellant Geneva Wellborn argues that since both policies were purchased during her marriage to the insured and the premiums were paid with community funds, and since the divorce decree failed to dispose of those policies, she has a one-half interest therein, specifically as a tenant-in-common. Appellant relies in part upon § 22-7-22, N.M.S.A.1953 (Supp. 1975), which states:

*Failure to divide property on dissolution of marriage.*—The failure to divide the property on dissolution of marriage shall not affect the property rights of either the husband or wife, and either may subsequently institute and prosecute a suit for division and distribution, or with reference to any other matter pertaining thereto, which could have been litigated in the original proceeding for dissolution of the marriage.

Appellant also relies upon the principle that life insurance policies purchased with community funds and undisposed in the decree are owned by the divorced husband and wife as tenants-in-common from the time of the dissolution of marriage. *Harris v. Harris*, 83 N.M. 441, 493 P.2d 407 (1972); *Hickson v. Herrmann*, 77 N.M. 683, 427 P.2d 36 (1967).

Appellees John and Edith Phillips argue that the term life insurance was not property but rather a contingent right to proceeds under the life insurance contract. Furthermore, they argue that equity should not permit an ex-wife of years past (three years) to make claim against insurance proceeds when she made none during the divorce and property settlement and did not make further payments. Finally, appellees argue that by the very nature of term insurance, the paying of premiums during the community does not necessarily make the term life insurance policies community property after the dissolution of the community.

The crux of the matter is how to treat term life insurance where the divorcing court does not dispose of the policies. This case is distinguishable from *Harris v.*

*Harris*, supra, and *Hickson v. Herrmann*,[1] supra, in that here we are dealing with term life insurance. Term life insurance is simply a contract between the owner of the policy and a life insurance company, where in return for a premium the life insurance company agrees to pay the beneficiary under the policy a specific amount of money should the insured die during the term of the policy.[2] This basic form of life insurance can be expanded to include provisions such as waiver of premiums, accidental death, level premiums for two, five, or ten years, renewability, and right to convert to whole life insurance. Term life insurance, unlike whole life insurance and analogous forms, has no cash surrender value or loan value. Furthermore, depending upon the manner of payment, the term policy can be terminated at any time by the owner by refusing to pay the premium.[3]

From this analysis we adopt the following test: Unless otherwise ordered by the court in the dissolution of marriage and the property settlement, the divorced spouses have an equal interest as tenants-in-common in a term life insurance policy until such time as the term determined by the last premium paid by community funds comes to an end. Here, Mr. Phillips' Texas Life Insurance and his New York Life Insurance policies were paid in quarterly installments. Thus, appellant Wellborn's interest in those policies terminated on the date where the quarter ended for which the premium payment had been made prior to the dissolution of the marriage.[4] When Mr. Phillips, Jr. died, appellant's interest in the policies had long since ended. To hold

otherwise could result in manifest injustice. For example, if we were to adopt appellant's position, a wife of short duration could theoretically assert her interest against her ex-husband's estate twenty or more years later merely because the policy was taken out during their marriage and one premium was paid with community funds. Further complexities would arise should the husband in this hypothetical example have remarried once or twice before his death.[5] The test formulated above obviates such problems.

The trial court is affirmed.

MONTOYA and EASLEY, JJ., concur.

---

1. If *Hickson v. Herrmann* did deal with term insurance, which cannot be ascertained from the facts, it is overruled to the extent described herein.

2. The insured, owner, and beneficiary may all be different.

3. Popular forms of payment are monthly, quarterly, semiannually, and annually. The insurance policy is in effect until the end of the proportionate part of the time period paid for, plus in some cases a grace period. Thus it cannot end before the paid-for portion.

4. If Mr. Phillips had not continued paying his premiums, appellant's interest would have continued through the policy's 31 day grace period. This policy, like many other life insurance policies, had a grace period provision which allowed the owner a certain number of days, here 31, after final payment due date in which to pay his premium before the policy would automatically be terminated by the life insurance company.

5. Mr. Phillips, Jr. did remarry, but any problems with respect to this were not raised upon appeal.