Nancy Kway DAVIS, Appellant,

v.

**TENNESSEE LIFE INSURANCE
COMPANY, Appellee.**

**No. 17020.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Jan. 26, 1978.

Rehearing Denied March 16, 1978.

R. E. McDaniel, Winnie, for appellant.

Zbranek & Hight, J. C. Zbranek, Liberty, for appellee.

COLEMAN, Chief Justice.

Nancy Kway Davis, the administratrix of the estate of Charles M. Davis, deceased, sued Tennessee Life Insurance Company to recover the proceeds of a policy of insurance on the life of Charles Davis. Nancy Kway Davis appeals from a take-nothing judgment. The judgment will be affirmed.

Prior to June, 1966, Charles Davis was employed by Reading and Bates Exploration Company, or an affiliated company, as an oilfield worker. Subsequent to his first employment, the company began the practice of requiring written contracts of employment. His last employment contract was executed in June, 1969.

Reading and Bates Offshore Drilling Company maintained employment and compensation records for all of its subsidiaries. There is evidence that it was the employer for all personnel except for certain individuals not citizens of the United States, and that it assigned the employees to various subsidiary companies. The 1969 employment contract, as did previous contracts, provided that as a condition of employment Davis agreed to sign up for the company's normal hospitalization, medical and life insurance group programs for himself and his family. Reading and Bates Offshore Drilling Company had in effect certain group life insurance policies with Tennessee Life Insurance Company. Charles Davis became an insured under the provisions of these group policies on becoming an employee. While policy No. 1264 was in effect, Charles Davis was killed in an accident. Tennessee Life Insurance Company paid the sum of $40,000.00 to Bessie Carr, the mother of Charles Davis, as the designated beneficiary of that policy although it was on notice of the fact that Nancy Kway Davis claimed an interest in the proceeds.

Mrs. Davis' claim is based on her contention that there was no valid designation of a beneficiary for the insurance policies in question. She contends that as administratrix of the estate of Charles Davis, she is entitled to the proceeds under the terms of policy No. 1264 issued in 1968.

Prior to the issuance of policy No. 1264, Davis' life was insured under Tennessee Life Insurance Company Group Policy No. 637. There was testimony that policy No. 1264 was issued to supersede No. 637 because there had been a number of endorsements to policy No. 637 and the company desired to increase the coverage under the policy. The insurance premiums were paid entirely by Reading and Bates. By agreement with Tennessee Life Insurance Company, some one of Reading and Bates' employees issued certificates of insurance in the appropriate amount to all of the employees on forms furnished by the insurance company. There was testimony that the amount of insurance an employee was entitled to receive depended on his salary. When it increased to the extent that he was entitled to additional insurance a new certificate would be issued to him which would replace previous certificates. There was evidence that at the time an employee first began work for Reading and Bates he was required to sign a card designating a beneficiary for the insurance to which he was entitled. On June 28, 1966, Charles M. Davis signed such a card thereby designating Bessie Carr as his beneficiary for group life and group accidental death insurance. No specific policies of insurance are referred to in this designation card. At that time policy No. 637 was effective.

Reading and Bates Offshore Drilling Company made an application in writing to Tennessee Life Insurance Company on March 1, 1968, for group life insurance. This application recites that the policy for which application is made would replace policy No. 637. Group policy No. 1264 was issued in response to this application. It provides that each employee shall have the

right to designate a beneficiary upon becoming insured, and the right to revoke at any time any previous designation and make a new designation by giving through the *owner* written notice to the company at its home office. The policy defines the term "owner" as being Reading and Bates Offshore Drilling Company. The policy also provides that if there is no living designated beneficiary at the death of the insured, the amount then payable shall be paid to the executors, administrators or assigns of the employee.

The policy provides that the company will issue to the owner for delivery to each insured employee an individual certificate containing statements as to the insurance protection to which the employee is entitled and to whom it is payable, the effective date of the certificate, the beneficiary designation, and the conversion privilege.

Article 3.50 of the Insurance Code of the State of Texas places certain restrictions on insurance companies issuing group insurance policies. Paragraph 6 of Article 3.50, § 2 provides that the group life policy contain a provision that any sum becoming due by reason of the death of a person insured shall be payable to the beneficiary designated by the person insured, subject to the provisions of the policy in the event there is no designated beneficiary living at the death of the person insured. Paragraph 7 provides that the policy shall contain a provision to the effect that the insurer will issue to the policyholder for delivery to each person insured an individual certificate setting forth a statement as to the insurance protection to which he is entitled and to whom the insured's benefits are payable.

The insurance contract on which Nancy Kway Davis sues necessarily includes not only the master policy but also the certificate of insurance issued to Charles M. Davis. *Board of Insurance Commissioners v. Great Southern Life Insurance Co.,* 150 Tex. 258, 239 S.W.2d 803 (Tex.1951); *Wann v. Metropolitan Life Insurance Company,* 41 S.W.2d 50 (Tex. Comm'n App.1931, holdings approved).

The jury found that Reading and Bates issued a certificate of insurance on policy No. 1264 to Charles M. Davis showing his mother, Bessie Carr, as the beneficiary. It further found that Tennessee Life Insurance Company agreed with the Reading and Bates Companies that Reading and Bates would keep the beneficiary records on group policy No. 1264 and that Reading and Bates would issue certificates of insurance on group policy No. 1264 for it.

Mr. Phillip J. Kirk testified that he was the Manager of Public and Employee Relations in charge of personnel and group insurance programs for Reading and Bates Offshore Drilling Company. He testified that Reading and Bates delivered to each employee the Tennessee Life Insurance Company certificate of insurance which showed the amount of their insurance and the beneficiary's name. He testified that the company required its employees to fill out cards designating the beneficiaries for their insurance when they were hired. These cards were sent to his office for filing and the record of the beneficiary designations were maintained in his office. No copies of the certificates of insurance were maintained.

A representative of the Tennessee Life Insurance Company testified that the company furnished to Reading and Bates certificates of insurance in blank which they authorized Reading and Bates to complete and deliver to their employees. There was evidence that the certificate of insurance issued to Charles Davis was lost. He was drowned after a ship wreck and the personal effects he had with him were lost. The testimony shows that a certificate of insurance was issued to Charles M. Davis stating that Tennessee Life Insurance Company has insured Charles M. Davis under group policy No. 1264 issued to Reading and Bates Offshore Drilling Company, subject to the terms and conditions of the said policy, effective February 15, 1969. The certificate recited that the principal sum of the life insurance was $20,000.00 and the principal sum of the accidental death and dismemberment insurance was $20,000.00. It further recited that Bessie Carr, Mother of Charles M. Davis, was the beneficiary of the policies.

■ Where an instrument refers in specific terms to another instrument in such a way as to show a clear intention to make it a part of the contract, both instruments must be introduced into evidence before a recovery can be had thereunder. Here the group policy refers to the certificate, and the certificate is shown by the evidence to have referred to the group policy. Before Nancy Davis could recover the insurance proceeds under the terms of the certificate, she necessarily had to allege and prove that the provisions of the policy, when construed in connection with the certificate, entitled her to recover for the death of Charles Davis. *Wann v. Metropolitan Life Insurance Company*, supra.

■ Since the certificate issued to Charles Davis showed that Bessie Carr was the beneficiary, the burden of proving that the real beneficiary was someone other than Bessie Carr rested on Nancy Kway Davis. *Follenfant v. Rogers*, 359 F.2d 30 (5th Cir. 1966); *Brown v. Union Central Life Insurance*, 72 S.W.2d 661 (Tex.Civ.App. —San Antonio 1934, no writ).

No issues were submitted which would have established facts from which it could be concluded that Bessie Carr was not validly designated the beneficiary of the policies. Facts do not appear in the record which as a matter of law require such a conclusion. There is evidence that would support the conclusion that Charles Davis was furnished several certificates of insurance after he was employed by Reading and Bates. It could be concluded that each of these certificates showed the beneficiary as being Bessie Carr. There is nothing in the record to indicate that Charles Davis ever attempted to change the beneficiary shown on any of the certificates issued to him including the one in force at the time of his death. We are not aware of a rule of law which would prohibit Charles Davis from authorizing Reading and Bates at the time of his employment to insert the name of his mother, Bessie Carr, as beneficiary in any policy of insurance which Reading and Bates should procure for his benefit.

The appellant contended in the trial court that under his employment contract and the group policy, Charles M. Davis was entitled to insurance in the sum of at least $60,000.00. If the trial court erred with regard to matters relating to the amount of insurance to which Charles Davis was entitled, the errors, if any, do not affect the judgment that Nancy Kway Davis take nothing and are immaterial. The appellant has presented 37 points of error. These points have been considered and are found to be without merit or else to be immaterial in view of our holdings on the questions discussed.

The appellant contends that as the putative wife of the deceased, Charles Mason Davis, she is entitled as a matter of law to half of the proceeds of the insurance policies whether or not Bessie Carr is found to be a named beneficiary.

■ The right to receive insurance proceeds payable at a future but uncertain date is "property". Such property is said to be in the nature of a chose in action which matures at the death of the insured. When the policy is purchased with community funds, the ownership of the unmatured chose belongs to the community, unless, in the absence of fraud, it has been irrevocably given away under the terms of the policy. The proceeds at maturity are likewise community in character, except where a named beneficiary is surviving, in which case a gift of the policy rights to such beneficiary is presumed to have been intended and completed by the death of the insured. *Brown v. Lee*, 371 S.W.2d 694 (Tex.1963).

■ The same principles would seem to be applicable in the case where the insurance premiums were paid with partnership funds. Even in a case where such a payment is made by one partner without the authorization of the other partners, the proceeds of the policy would belong to the named beneficiary rather than to the partnership. While the partner who is guilty of the unauthorized use of the partnership funds might be liable to his partners for the funds used, his conduct would not affect the insurance company's liability to the named beneficiary, or create a right in his partners against the insurance company.

The trial court did not err in denying Nancy Kway Davis any interest in the proceeds of the insurance policies.

The judgment is affirmed.