626 P.2d 1286

**Shirley PLAATJE, Plaintiff-Appellant,**

v.

**William L. PLAATJE,
Defendant-Appellee.**

**No. 12803.**

Supreme Court of New Mexico.

April 22, 1981.

Anthony F. Avallone, Las Cruces, for plaintiff-appellant.

Pickett & Bates, Lawrence M. Pickett, Las Cruces, for defendant-appellee.

## OPINION

RIORDAN, Justice.

Plaintiff, the former wife of the defendant, brought an action to recover a share of the past and future military retirement benefits paid to the defendant. The rights to the benefits had not been determined in the earlier divorce proceeding. After a trial, the district court dismissed the complaint on grounds that the plaintiff was barred from bringing an action by the four year statute of limitations contained in Section 37–1–4, N.M.S.A.1978. Plaintiff appeals.

Plaintiff and defendant were married in New Mexico on February 28, 1965. At the time of their marriage, the defendant had been in the United States Army for 15 years. The defendant retired from the military on June 30, 1972, after 22 years of service. Thereafter, the parties were divorced in New Mexico on March 1, 1973. The defendant has continuously received monthly military retirement benefits since nine months before the divorce. Plaintiff was aware that the defendant was receiving those benefits at the time of the divorce.

Plaintiff claims she did not discover that she had an interest in the retirement benefits until July, 1977. On August 19, 1977, the plaintiff filed a motion to modify other portions of the divorce decree. No claim to the retirement benefits was made at that time. The complaint on which this new cause of action is based was filed on July 7, 1978, more than five years after the divorce

was granted and one year after the plaintiff knew that a possible claim may be available to her.

Plaintiff bases her action on the statutory authority of Section 40–4–20, N.M.S.A.1978 which states:

> The failure to divide the property on dissolution of marriage shall not affect the property rights of either the husband or wife, and either may subsequently institute and prosecute a suit for division and distribution, or with reference to any other matter pertaining thereto, which could have been litigated in the original proceeding for dissolution of the marriage.

Defendant claims that plaintiff's property right accrued at the time the divorce was granted and that under Section 37–1–4, plaintiff's failure to bring an action within four years from the date the alleged property right accrued bars recovery.

Plaintiff argues that the portion of the retirement benefits based on military service rendered during coverture (one-half of 32%) is community property which was not disposed of by the divorce decree. Plaintiff claims that she is entitled to recover:

(a) her share of retirement monies already received by her former husband since the divorce, and

(b) her share of retirement benefits to be received in the future.

The first issue we address is whether an action under Section 40–4–20, to divide community personal property is subject to the four year statute of limitations of Section 37–1–4.

■ No specific limitation on the time of filing an action under Section 40–4–20 is set out in the statutes. Plaintiff claims the Legislature did not intend that Section 40–4–20 be subject to any statute of limitations and that an action seeking to divide and distribute what was formerly community property may be brought at any time subsequent to the divorce. We hold that the four

year statute of limitations of Section 37–1–4, applies to suits to divide personal property brought under Section 40–4–20. Section 37–1–4, provides that "all other actions not herein otherwise provided for and specified [shall be brought] within four years." The language of the statute clearly includes Section 40–4–20 within the four year period. To hold otherwise could result in manifest injustice. For example, the wife could bring an action against her former husband or against his estate 20 or 30 years after the divorce and claim that she is entitled to property held by the husband since the divorce. *See generally Phillips v. Wellborn*, 89 N.M. 340, 552 P.2d 471 (1976). We do not think the Legislature intended such a result.

Having decided that the four year statute of limitations applies, we must next determine when the plaintiff's cause of action accrued. The district court held that the action to divide omitted community property must be brought within four years of the date of the divorce decree. Although the district court may have been correct with regard to other personal property, it erred with respect to the retirement benefits.

Retirement benefits are a form of employee compensation. A person earns a portion of his retirement pay during each month of his employment. This court has held that military retirement benefits are community property if the period of employment upon which those benefits are based occurred during coverture. *LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969).

■ The defendant retired and began receiving benefits nine months prior to the divorce. The benefits were received in the form of monthly installments. Although the right to receive benefits matured prior to the divorce, *see Copeland v. Copeland*, 91 N.M. 409, 575 P.2d 99 (1978), the right to receive each monthly installment accrued when the installment became due. For this reason, the statutory time limitations upon the plaintiff's right to sue for her portion of

each installment commences to run from the time each installment comes due. *Abbott v. City of Los Angeles*, 50 Cal.2d 438, 326 P.2d 484 (1958).

Although the plaintiff is not barred by the statute of limitations from maintaining an action against the defendant for her share of the military benefits received in the four years immediately preceding the filing of this lawsuit, there may be other equitable doctrines which would bar her recovery of the monies received by her former husband in the past. The plaintiff has allowed the defendant to receive and utilize the entire monthly benefit for the past five years. Plaintiff was aware that the defendant was receiving the benefits at the time of the divorce and has been supporting himself with the benefits since that time. She did not assert her rights to the benefits until filing this suit. In fact, in the earlier action by the plaintiff to modify other portions of the divorce decree, the plaintiff made no mention of claims to the retirement benefits.

The judgment of the district court is reversed insofar as it held the statute of limitations bars bringing this action. The cause is remanded with instructions to enter the appropriate judgment with respect to the future benefits and to determine if plaintiff is barred from recovering past retirement proceeds.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior J., concur.