642 P.2d 164

In the Matter of the ESTATE OF
Stephen D. SCHLEIS, Deceased.

Kathleen HALEY, Claimant-Appellant,

v.

Daniel SCHLEIS, Personal Representa-
tive, and the Estate of Stephen D.
Schleis, Deceased, Appellee.

No. 13465.

Supreme Court of New Mexico.

Jan. 27, 1982.

Paul R. Smith, Albuquerque, for claim-
ant-appellant.

Glass & Fitzpatrick, Charles N. Glass, Al-
buquerque, for appellee.

## OPINION

PAYNE, Justice.

This appeal requires us to determine
whether a divorce decree automatically sev-
ers an ex-spouse's beneficiary interest in an
insurance policy. We hold that it does not.

Kathleen Haley and Stephen Schleis
were married in 1975. During the marriage
Stephen took out two insurance policies
through his employer, naming Kathleen as
beneficiary. On November 6, 1979, Stephen
and Kathleen were divorced. The policies
involved were term insurance and the peri-
od of coverage purchased with premium
payments from the community funds had
ended shortly after the divorce. Kathleen
therefore retains no interest separate from
her status as beneficiary. *Phillips v. Well-
born*, 89 N.M. 340, 552 P.2d 471 (1976).

In July, 1980, Stephen's personal repre-
sentative moved for summary judgment on
the proper distribution of the death bene-
fits. The asserted grounds for the motion
were first, that Stephen had designated a
beneficiary for only one of the policies and
second, that since the divorce decree gave
Stephen all personal property in his posses-

sion, Kathleen was divested of her interest in the policies. Kathleen also moved for summary judgment in her favor. The district court granted summary judgment in favor of Stephen's estate, finding there were no issues of material fact. Kathleen appeals. We reverse.

Neither of the grounds asserted by Stephen's estate could support its motion for summary judgment in this case. His employer's practice was to require only one beneficiary designation no matter how many group policies were involved, unless separate beneficiaries were specifically desired. Under this procedure, Stephen's failure to make two beneficiary designations could not mean, as a matter of law, that he intended that proceeds of the second policy should go to his estate.

The estate's assertion that Kathleen was divested of her beneficiary interest in the policy because the divorce decree granted ownership of the policy to Stephen cannot be sustained. The estate relies on *Romero v. Melendez*, 83 N.M. 776, 498 P.2d 305 (1972). In *Romero*, we held that a wife's interest as beneficiary under a life insurance policy can be defeated by disposition of the policies in a divorce decree even though no change in beneficiary is made. We distinguished *Harris v. Harris*, 83 N.M. 441, 493 P.2d 407 (1972), which permitted a divorced wife to receive proceeds from a life insurance policy owned by her former husband, on grounds that the policy had not been disposed of in the decree. We reaffirm that the decree is dispositive, but feel it necessary to clarify what was meant in *Romero* and *Harris*.

The cases cited as authority for the *Romero* rule, *Brewer v. Brewer*, 239 Ark. 614, 390 S.W.2d 630 (1965); *Dudley v. Franklin Life Insurance Company*, 250 Or. 51, 440 P.2d 363 (1968), involved instances where the former wife specifically transferred and released any and all interest in the husband's policies and released him from any and all obligations which may have existed for any reason whatsoever. They were not cases in which the husband was merely given ownership of the policies. In

*Romero* itself the decree "gave the decedent the policies as his sole and separate property and divested the appellant of any and all interest, including the expectancy as a beneficiary." *Id.* at 780, 498 P.2d 309. Thus, the *Romero* rule, which applies when policies are disposed of by a divorce decree, is limited to situations where the interest of the beneficiary spouse is specifically divested. Where the decree merely grants ownership of the policy to one spouse, without divesting the former spouse of the beneficiary interest, *Romero* does not govern.

*Harris v. Harris, supra*, sets forth the proper rule for situations where the insured spouse owns the policies, but where the beneficiary spouse is not specifically divested of any and all interest in the policies. Such ownership may be as a tenant in common when the decree does not grant ownership or as sole owner. In such situations, as *Harris* points out, the owner would have certain rights under the policy, including the right to change the beneficiary. Whoever is the named beneficiary owns the proceeds upon the happening of the contingency. The mere fact of a divorce has no effect upon the beneficiary's interest. 5 R. Anderson, Couch on Insurance 2d § 29:4 (1960).

Accordingly, we hold that a divorce decree granting the insured spouse ownership of the policies does not, by itself, sever the beneficiary interest of a former spouse.

Such a beneficiary interest could be relinquished by clear and specific language releasing that interest in the insured spouse's policies. *Redd v. Brooke*, 604 P.2d 360 (Nev.1980). However, if Kathleen never made such a release, her beneficiary interest could have been divested by Stephen's changing the beneficiary.

There is no evidence that Stephen complied with the policy's stated procedures for changing the beneficiary. The policy provided that a "change of beneficiary must be in writing[,] signed by the employee[,] and must be filed with the Company at its Head Office." Although the parties stipulated to the introduction of the policy as a part of

the record on appeal, it appears that the trial court did not have the benefit of this policy provision in reaching its decision. We therefore do not base our decision on whether Stephen adhered to the policy provisions.

In order to change the beneficiaries, the insured generally must comply with procedures adopted by the insurer or imposed by statute. If no such procedures exist the courts may recognize a change desired by the insured if the intent is declared in an appropriate manner. *See* R. Anderson, *supra*, §§ 28:51–52.

Since no evidence of the policy requirements was introduced at trial, evidence of the insured's clear expression of intent combined with evidence of his reasonable efforts to change the beneficiary are necessary for the court to find a change of beneficiary. There is no such evidence in this record. Even if there were evidence that Stephen at some time expressed an intent to change the beneficiary, there is also evidence indicating expression of a contrary intent. Because we adopt the two-pronged test requiring a clear expression of intent coupled with reasonable efforts to effect the change of beneficiary, we conclude that Stephen never effectively changed the beneficiary.

On appeal, the parties have extensively addressed the issue of ownership, since the estate's claim that Stephen owned the policies was based in "catch-all" language in the divorce decree awarding him "the other personal property which is in his possession." This failure to specifically designate Stephen as owner of the life insurance policies is claimed to give Kathleen a continuing interest. While this argument may have been relevant through the term of coverage paid for by the community, there can be little question that once Stephen began paying for the insurance out of his separate funds and not under any obligation under the decree or other agreement, the policy belonged to Stephen. However, as we have shown, ownership is not the deciding factor.

Accordingly we reverse with instructions to enter judgment for the appellant.

EASLEY, C. J., and FEDERICI, J., concur.