**Sherida Jean Cobb DENT, Appellant,**

v.

**Douglas Ray DENT, Appellee.**

**No. 2-84-225-CV.**

Court of Appeals of Texas, Fort Worth.

May 16, 1985.

Timothy G. Chovanec, Fort Worth, for appellant.

Robert D. Frye, Fort Worth, for appellee.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

Sherida Dent appeals from her divorce judgment, urging in her sole point of error that the trial court erred in characterizing the proceeds of an insurance policy as the separate property of her husband, Douglas Dent.

We reverse and remand, because we find that the proceeds of the insurance policy are community property.

The parties stipulated that during the marriage Douglas purchased a life insurance policy insuring the life of his father, C.W. Dent. All premiums on the policy were paid with community funds. The father died prior to the divorce hearing. The trial court characterized the proceeds of the policy as Douglas' separate property, presuming a gift of the proceeds to have been intended and completed by the death of the insured.

■ Ordinarily, the proceeds of life insurance purchased with community funds are community property. *Brown v. Lee,* 371 S.W.2d 694 (Tex.1963). The proceeds of life insurance policies purchased during the marriage on the life of a third person with one of the spouses named as the beneficiary are community property. *Hickson v. Herrmann,* 77 N.M. 683, 427 P.2d 36

(1967); G. MCKAY, COMMUNITY PROPERTY sec. 487 (2nd ed. 1925); W. DE FUNIAK & M. VAUGHN, PRINCIPLES OF COMMUNITY PROPERTY sec. 79, at 193 (2nd ed. 1971). Douglas bases his claim to the proceeds as his separate property on the exception to the rule as expressed in *Brown,* to the effect that where the named beneficiary is surviving, a gift of the policy rights to the beneficiary is presumed to have been intended and completed by the death of the insured. *Brown v. Lee,* 371 S.W.2d at 696. Douglas maintains that since he is a surviving beneficiary, the property became his separate property upon the death of his father, the insured.

■ We do not find the exception to be applicable in this case because the facts of this case do not justify any presumption of a gift by Sherida of her community interest in the proceeds to Douglas. A husband lacks the authority to give his wife's interest to himself. *See Martin v. Moran,* 11 Tex.Civ.App. 509, 32 S.W. 904 (1895, no writ).

A close reading of the case of *Brown v. Lee* reveals that the rule relied on by Douglas is the rule which is applicable when the insured and beneficiary are husband and wife and the insured has died, leaving the beneficiary as the survivor. In such a case, the courts presume an intention on the part of the deceased to give the benefit of the insurance proceeds to the surviving spouse, a reasonable presumption with just results under those facts. We believe that in the case of such policies, it is natural to assume that a spouse would leave his or her community interest in the property to the surviving spouse. We see no reason under the facts of this case to presume such an intent.

Douglas also relies on the case of *Alexander v. Alexander,* 410 S.W.2d 275 (Tex. Civ.App.—Houston 1966, no writ). He cites the case as authority for his position that the named beneficiary of a life policy is entitled to receive the proceeds of the policy regardless of the classification of the

funds used to purchase the policy. The case actually is authority for the proposition that the named surviving beneficiary is not entitled, as a matter of law, to the proceeds of the policy. The court in *Alexander* reversed a summary judgment granted by the trial court in favor of the named beneficiary in a suit brought by the deceased's wife to recover the proceeds of two life insurance policies.

We do not take issue with the holding of the court in *Davis v. Tennessee Life Ins. Co.*, 562 S.W.2d 868 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.), another case cited by Douglas. This case appears to be a restatement of a line of authority which authorizes a spouse to make arrangements for family members whom they are under a moral obligation to support. The court in *Davis* held that a wife was not entitled to any portion of a life policy in which the deceased husband had named his mother as the beneficiary. Douglas cites no case which would authorize his providing for himself in this manner.

The case of *Pope Photo Records, Inc. v. Malone*, 539 S.W.2d 224 (Tex.Civ.App.—Amarillo 1976, no writ), the final case cited by Douglas, involved a creditor of a husband and wife who sought to collect its debt from the proceeds of the husband's life policy payable to the wife as beneficiary. The creditor asserted that the implied gift to the wife was void under the provisions of TEX.BUS. & COM.CODE ANN. sec. 24.03 (Vernon 1968), which voids gifts as to an existing creditor unless the debtor has enough property in this state at the time of the transfer subject to execution to pay all of the existing debts. The court rejected the creditor's contention, holding that the controlling date of the transfer was the date of beneficiary designation, and there was no evidence that the husband and wife were insolvent on or before the date the wife was designated beneficiary. We do not find this case to be helpful in determining the question in this case as to the characterization of the proceeds of a policy on the life of a third person with one of the spouses as beneficiary.

Douglas cites no case involving such a policy which would hold that the proceeds become the separate property of the beneficiary spouse.

In view of the recent holding of the Supreme Court in *Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex.1985), in which the Supreme Court held that a remand may not be ordered only as to a specific portion of the property, we reverse and remand so that the trial court may make a just and equitable division of the property in accordance with this opinion.