## STEVEN M. CHRISTENSEN AND KENNETH ROSS CHRISTENSEN, Appellants, v. JAKICA CHRISTENSEN, Respondent.

No. 7452

January 15, 1975          530 P.2d 754

*Hale and Belford* and *Steve Lane,* of Reno, for Appellants.

*Maurice J. Sullivan,* of Reno, for Respondent.

## O P I N I O N

By the Court, THOMPSON, J.:

This litigation concerns entitlement to $5,000 of life insurance provided under a group insurance policy issued by Founders Life Insurance Company. Harry S. Christensen, as an employee of the City of Reno, was a member of the group covered by the policy. He died intestate. The adversaries are, on one side, Jakica Christensen, his surviving widow, and on the other, Steven and Kenneth Christensen, his sons of a prior marriage and the named beneficiaries of the policy.

Since there existed no genuine issue as to any material fact, each side moved for summary judgment. The district court entered summary judgment for the widow. The sons have appealed asserting that they, rather than their stepmother, should have prevailed.

The insurance policy was purchased through a payroll deduction of $3.30 per month from Harry's salary, and all such deductions were made after Harry's marriage to Jakica. The total sum of $66 had been deducted for such insurance as of his death. Jakica did not know that Steven and Kenneth were the named beneficiaries. Upon Harry's death, the community estate was valued at $7,177.12. Of that amount, $2,095.02 was money, and the balance was the estimated value of many items of personal property.

The sons contend that their father's designation of them as beneficiaries should be honored since statute vested him with the entire management and control of the community property.[1] Moreover, they point to the fact that the use of community funds was very small since only $66 had been paid out in premiums.

The widow argues that her deceased husband could not make a gift of a portion of their community property without obtaining her consent since her interest therein was not a mere expectancy, but rather "a right vested in her at all times during the marriage" [In Re Williams, 40 Nev. 241, 262, 161 P. 741

---

[1]NRS 123.230: "The husband shall have the entire management and control of the community property, with the like power of disposition thereof, except . . . ."

(1916)], which right vested upon acquisition of the community asset. In Re Condos's Estate, 70 Nev. 271, 277, 266 P.2d 404 (1954). Additionally, she presses the contention that a gift of life insurance proceeds of $5,000 is unreasonable in relation to the whole of the community estate valued at $7,177.12, and for that reason must be annulled on the doctrine of Nixon v. Brown, 46 Nev. 439, 449, 214 P. 524 (1923).

1. The broad question as to whether a husband, by virtue of being vested with the entire management and control of the community property, may make a gift of a portion thereof without his wife's consent, was considered in Nixon v. Brown, supra. That case concerned a voluntary gift of community real property by the husband in which the wife did not join nor give consent. The court announced a standard for determining the validity of a husband's gift of a portion of the community property without the consent of his wife. That standard: The husband may make a voluntary disposition of a portion of the community property, reasonable in reference to the whole amount, in the absence of a fraudulent intent to defeat the wife's claims. Id. at 456. The court upheld the gift in Nixon v. Brown since its value, some $50,000 in relation to the community estate in excess of $1,000,000 was not unreasonable, nor was there any suggestion of fraud.

The Nixon case concerned a completed gift during the lifetime of the husband at a time when the community of husband and wife was in existence. The instant matter involves a gift to take effect upon the death of the husband when there is no longer a community to protect. To this extent the cases are different, and such difference has created problems for courts of community property states. See Huie, Community Property Laws as Applied to Life Insurance, 18 Texas L.Rev. 121 (1940); Annots. 114 A.L.R. 545; 168 A.L.R. 342.

The rule of Nixon v. Brown is not dissimilar to that of Texas which recognizes the right of the husband to make moderate gifts from the community property, not excessive and not in fraud of the wife's rights. With regard to insurance, Texas holds that a husband may, during marriage, insure his life in favor of his parents or of children by a former marriage, and pay the premiums with community funds, and that so long as he is fulfilling a duty, even though it be only a moral one to provide for such relatives, and so long as the community funds so expended are not unreasonably out of proportion to the other community assets remaining, there is no fraud upon the

wife and she cannot recover any of the premiums so paid or the proceeds of the policy. Jones v. Jones, 146 S.W. 265 (Tex. Civ.App. 1912); Rowlett v. Mitchell, 114 S.W. 845 (Tex.Civ. App. 1908).

This view appeals to us as sensible since it focuses upon community funds expended rather than upon the face amount of the policy, and is, we think, wholly compatible with the reasoning of Nixon v. Brown. Accordingly, we reverse the judgment entered below since the gift of community funds of $66 for premiums is not unreasonable in relation to the whole of the community estate valued at $7,177.12, and direct the district court to enter judgment for Steven and Kenneth Christensen.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.