Thelma ENNIS and Neta Carden, Plaintiffs,

v.

**UNITED OF OMAHA LIFE INSURANCE COMPANY, Defendant/Third Party Plaintiff,**

v.

**Carolyn M. STOUT, Third Party Defendant.**

Civ. A. No. 92–2360–GTV.

United States District Court, D. Kansas.

June 17, 1993.

Ben M. Worth, Shawnee Mission, KS, Ronald W. Nelson, Overland Park, KS, for Thelma Ennis and Neta Carden.

Robert W. McKinley, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, MO, for United of Omaha Life Ins. Co.

Mark A. Buchanan, William L. Hubbard, The Popham Law Firm, Kansas City, MO, for Carolyn M. Stout.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is an action in the nature of interpleader whereby plaintiffs Thelma Ennis and Neta Carden and third-party defendant Carolyn Stout all claim to be entitled to the proceeds of a life insurance policy taken out by Gary W. Stout on his own life while he was married to Carolyn Stout. Thelma Ennis and Neta Carden are the named beneficiaries of the policy.

The case now comes before the court on Third–Party Defendant Carolyn Stout's Motion for Summary Judgment (Doc. 30) and Plaintiffs Thelma Ennis and Neta Carden's Motion for Summary Judgment (Doc. 32). Third–Party Defendant Stout has responded to plaintiffs' motion and opposed it. Plaintiffs have not responded to third-party defendant's motion and the time for response is passed. Although D.Kan. Rule 206(g) permits the court to grant Carolyn Stout's motion as uncontested, the court will consider plaintiffs' cross-motion for summary judgment to be a response in the present case.

### I. SUMMARY JUDGMENT STANDARDS

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only be a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

### II. FACTUAL BACKGROUND

The facts of this case are generally uncontroverted. Gary W. Stout was married to

Carolyn Stout on April 2, 1982 in Reno, Nevada. He died on October 16, 1991 and was a resident of the state of Nevada on the date of his death. At the time of his death, Gary and Carolyn Stout were still married and living together in Nevada.

On March 11, 1988, United of Omaha issue a policy, no. 444447238 to Gary Stout, which provided for a $100,000.00 death benefit. Gary Stout designated the beneficiaries of the policy as follows:

75% of the proceeds shall be paid in one sum to Gladys I Stout, mother, or in the event of her death, to Thelma Ennis, aunt, contingent beneficiary.

25% of the proceeds shall be paid in one sum to Neta L. Carden, and, in the event of her death, to Thelma Ennis, aunt, contingent beneficiary.

Carolyn Stout alleges that she was the original beneficiary of the policy, and that Gary Stout changed the beneficiaries of the policy without her knowledge or consent. Gladys Stout predeceased Gary Stout.

Both parties agree that the premiums for the United Life of Omaha policy were paid from community property assets of Gary and Carolyn Stout. The annual premium was $400.00.

United of Omaha was named as a defendant in this lawsuit, and thereafter filed a third-party complaint of interpleader. The sum of $106,713.00, representing the full amount of life insurance benefits due by reason of the death of Gary W. Stout, was deposited into the registry of the court and United of Omaha was released and discharged from all liability on the insurance policy.

## III. DISCUSSION

■ The issue facing the court in these opposing motions for summary judgment is whether Carolyn Stout is entitled to fifty percent of the proceeds from the life insurance policy because the life insurance premiums were paid with community funds. The parties have agreed that Nevada law applies to this case. Nevada is a community property state. The relevant Nevada statutes read as follows:

**123.220 Community property defined.**

All property ... acquired after marriage by either husband or wife, or both, is community property unless otherwise provided by:

1. An agreement in writing between the spouses, which is effective only as between them.

2. A decree of separate maintenance issued by a court of competent jurisdiction.

Nev.Rev.Stat. § 123.220.

**123.230 Control of community property.**

1. Either spouse, acting alone, may manage and control community property, whether acquired before or after July 1, 1975, with a like power of disposition as the acting spouse has over his separate property, except that:

(a) Neither spouse may devise or bequeath by will more than one-half of the community property.

(b) Neither spouse may make a gift of community property without the express or implied consent of the other.

2. Notwithstanding the provisions of subsection 1, the husband or wife may, by written power of attorney, give to the other the complete power to sell, convey or encumber any property held as community property.

Nev.Rev.Stat. § 123.230.

**123.250 Death of Spouse; ownership of survivor; disposal by will of decedent.**

1. Upon the death of either husband or wife:

(a) An undivided one-half interest in the community property is the property of the surviving spouse and his or her sole property.

(b) The remaining interest is subject to the testamentary disposition of the decedent, in the absence thereof goes to the surviving spouse, and is the only portion

subject to administration under the provisions of Titled 12 of NRS.

Nev.Rev.Stat. § 123.250.

The above version of section 123.230 was enacted by the Nevada legislature in July, 1975. A prior version of section 123.230 authorized the husband, as the spouse vested with sole management and control of the community property, with absolute power of disposition thereof. The prior version also contained no limitation on the ability of the husband to make a gift of community property to a third party without his wife's consent.

In the present case, Carolyn Stout claims that she is entitled to a fifty percent share of the proceeds from her husband's life insurance policy because the proceeds constitute community property. In support of her argument, Carolyn Stout cites *Roselli v. Rio Com Serv. Station, Inc.*, 109 N.M. 509, 787 P.2d 428 (1990). In *Roselli*, the New Mexico Supreme Court was faced with the issue of whether a husband had the power to designate someone other than his wife as the beneficiary of a life insurance policy. The wife of the decedent sought one-half of the insurance proceeds, based on New Mexico community property law. The *Roselli* court held that the payment of premiums with community funds results in a community property interest in policy proceeds. *Id.*, 787 P.2d at 432. Reviewing cases from the other community property states of Texas, Washington, and California, the *Roselli* court concluded that a spouse may not give away the other spouse's interest in community property, including insurance proceeds, without the other spouse's consent. *Id.*, 787 P.2d at 433. In the present case, Carolyn Stout did not consent to and was not aware that her husband had designated his mother and aunts as beneficiaries of his life insurance policy.

Plaintiffs, in their opposing motion for summary judgment, contend that Nev.Rev. Stat. § 687B.260 states that the beneficiaries of an insurance policy are those named in it, and therefore creates a presumption that the only person entitled to benefit from an insurance policy is the person listed as the beneficiary of that policy. In addition, plaintiffs rely on two Nevada cases from 1923 and 1975 as support for their argument that even if the policy proceeds are community property, Carolyn Stout is not entitled to one-half of the proceeds. Specifically, plaintiffs contend that *Nixon v. Brown*, 46 Nev. 439, 214 P. 524 (1923), and *Christensen v. Christensen*, 91 Nev. 4, 530 P.2d 754 (1975), stand for the proposition that a husband has the power to insure his life in favor of his parents or other family members, and pay the premiums with community funds. However, both cases relied upon by plaintiffs were decided before Nev.Rev.Stat. § 123.230 was revised to give both spouses' equal control over the management of community funds.

The court notes that there are no Nevada cases on this issue decided after section 123.-230 was revised. The court is persuaded, however, that Nevada would now follow the rule set out in *Roselli* and hold that a spouse is entitled to one-half of the proceeds from life insurance purchased with community funds. This is the rule in California, Washington, and Arizona, as well as New Mexico. *See e.g., Biltoft v. Wootten*, 96 Cal.App.3d 58, 157 Cal.Rptr. 581 (1979); *Aetna Life Ins. Co. v. Wadsworth*, 102 Wash.2d 652, 689 P.2d 46 (1984); *In re Estate of Alarcon*, 149 Ariz. 340, 718 P.2d 993 (Ct.App.1984), *vacated on other grounds*, 149 Ariz. 336, 718 P.2d 989 (1986). Texas also follows a similar rule. *Jackson v. Smith*, 703 S.W.2d 791 (Tex.Ct. App.1985).

The court is not persuaded that *Christensen* is still good law. The *Christensen* case was decided on January 15, 1975, and the court premised its decision on the husband's exclusive right to control and dispose of community property as it existed under the Nevada statutes at that time. 530 P.2d at 755. The Nevada statute was changed in July of that year. Further, the *Christensen* court followed then-current Texas community property law in determining that a husband may insure his life in favor of someone other than the wife. *Id.* (citing *Jones v. Jones*, 146 S.W. 265 (Tex.Civ.App.1912); *Rowlett v. Mitchell*, 52 Tex.Civ.App. 589, 114 S.W. 845 (1908)). Now, Texas law provides that proceeds of life insurance purchased with community funds are community property. *Dent v. Dent*, 689 S.W.2d 521, 522 (Tex.Ct.App. 1985) (citing *Brown v. Lee*, 371 S.W.2d 694

**966**

(Tex.1963)). Further, where the surviving spouse establishes "fraud on the community" in naming a beneficiary other than the spouse, he or she may recover one half of the proceeds. *Jackson,* 703 S.W.2d at 796.

Because both cases relied upon by the plaintiffs were decided before the current Nevada statute went into effect, the court concludes that Nevada would follow New Mexico and other community property states and hold that a spouse is entitled to one-half of life insurance policy proceeds where the policy was paid for with community funds. Therefore, the court grants Carolyn Stout's motion for summary judgment, and holds that she is entitled to one-half of the insurance policy proceeds which have been deposited in the registry of this court. Plaintiffs Thelma Ennis and Neta Carden are entitled to the remaining one-half of the proceeds, to be divided as set forth in the policy provisions.

IT IS, THEREFORE, BY THE COURT ORDERED that third-party defendant Carolyn Stout's Motion for Summary Judgment (Doc. 30) is granted. Counsel for Carolyn Stout is directed to submit a journal entry of judgment reflecting the above order of the court, and is directed to comply with D.Kan. Rule 126(d) concerning the disbursement of funds from an interest-bearing registry account.

IT IS FURTHER ORDERED that plaintiffs' Motion for Summary Judgment (Doc. 32) is denied.

**IT IS SO ORDERED.**