998 P.2d 449

In the Matter of the ESTATE OF John Edward AGANS, Deceased.

Christina Marie Agans, Personal Representative of the Estate of John Edward Agans, Petitioner–Appellee,

v.

Nancy Barnd, Respondent–Appellant.

No. 1 CA–CV 99–0047.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 12, 1999.

Review Denied April 18, 2000.

Robert D. Barlow, Phoenix, Attorney for Appellant.

Sacks Tierney, P.A. by Candess J. Hunter, Phoenix, Attorneys for Appellee.

## OPINION

TOCI, Judge.

¶ 1 This appeal involves a dispute between a decedent's surviving spouse and his mother over the proceeds of a term life insurance policy. Because insufficient assets existed from which to pay statutory allowances to the surviving spouse, the trial court granted a petition to include the insurance proceeds in the probate estate. The issue presented by this appeal is whether Arizona's adoption of the Uniform Probate Code ("U.P.C.") abrogates prior case law that community insurance proceeds payable to a third party are subject to the payment of statutory allowances in decedent's probate estate. We hold that by expressly identifying certain survivorship and pay-on-death accounts as the only nontestamentary transfers that are ineffective against statutory allowances payable under Arizona Revised Statutes Annotated ("A.R.S.") sections 14–2402 through 14–2404 (1995), the legislature excepted life insurance proceeds from the reach of such allowances. Therefore, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2 The decedent, Edward Agans, was survived by his wife, Christina Agans. Christina filed an application for informal probate of his will and was appointed personal representative of his estate. After discovering that decedent had named his mother, Nancy Barnd, as the beneficiary of a term life insurance policy, Christina filed a petition to have the insurance proceeds included in the probate estate. If the insurance proceeds were not added to the probate estate, it would lack sufficient funds to provide Christina the statutory allowances of a surviving spouse under A.R.S. sections 14–2402 through 14–2404. The court granted the petition over Barnd's objection. She appeals from that portion of the order placing the $20,000 life insurance proceeds in the estate.

## II. DISCUSSION

¶ 3 The only issues that the parties raise on appeal are legal questions of statutory construction, which we review *de novo.*

See *Prudential v. Estate of Rojo–Pacheco,* 192 Ariz. 139, 143, 962 P.2d 213, 217 (App. 1997).

## A. Designation of a Non–Spouse as Beneficiary

¶ 4 When an insured names someone other than his or her spouse as beneficiary of a life insurance policy, disposition of the proceeds necessarily involves consideration of community property rights. When community funds are the source of premiums, as the parties have agreed here, the surviving spouse has an interest in the proceeds. See *In re Estate of Alarcon,* 149 Ariz. 336, 338, 718 P.2d 989, 991 (1986). If someone other than the spouse is named as beneficiary without the spouse's consent, there is a constructive fraud to the extent that the surviving spouse does not receive half of all the community and otherwise jointly acquired property including the insurance proceeds. See *Gaethje v. Gaethje,* 7 Ariz.App. 544, 549–50, 441 P.2d 579, 584–85 (1968).

¶ 5 In *Gaethje,* this court noted that occasions exist when a surviving spouse is entitled to the deceased's half of community property for statutory allowances despite a contrary testamentary disposition. Because the issue had not been presented, the court did not address whether nontestamentary transfers at death can be reached to pay those allowances. 7 Ariz.App. at 549 n. 2, 441 P.2d at 584 n. 2.

## B. Applicability of *Guerrero v. Guerrero*

¶ 6 *Gaethje* was reconsidered in *Guerrero v. Guerrero,* 18 Ariz.App. 400, 502 P.2d 1077 (1972), in which a widow sued to recover insurance proceeds from a term policy on her husband's life made payable to his niece. Following judgment in favor of the widow, the niece appealed, contending that the insurance policy was the decedent's sole and separate property. Alternatively, she argued that under the principles set forth in *Gaethje,* she was entitled to the decedent's community share of the insurance proceeds. *Id.* at 400–01, 502 P.2d at 1077–78.

¶ 7 The court first found that the policy premiums had been paid with community

funds. *Id.* at 402, 502 P.2d at 1079. It next discussed former A.R.S. section 14–517, which had provided that an estate of $3500 or less (exclusive of liens and the spouse's half of the community property) would vest in the surviving spouse through summary proceedings. The court emphasized that the statute was intended to give the surviving spouse or minor children an "absolute vested right in the estate property despite its character and despite the disposition made by the deceased spouse," a purpose which would be subverted if the spouse could change the beneficiary of an insurance policy without the other spouse's consent. *Id.* at 403, 502 P.2d at 1080. The court concluded that the widow was entitled to the entire proceeds of the policy. *Id.*

¶ 8 The parties disagree as to the applicability of *Guerrero* here. Christina argues that *Guerrero* stands for the proposition that making a non-spouse the life insurance beneficiary is a constructive fraud on the surviving spouse when the value of the estate does not exceed the statutory allowances. We find, however, that to the extent that *Guerrero* regarded insurance proceeds payable to a third party as part of a probate estate, it has been abrogated by the adoption of the U.P.C. *See* A.R.S. § 14–6101.

## C. Legislative Abrogation of *Guerrero*

¶ 9 The trial court's inclusion of the insurance proceeds in decedent's probate estate was intended to further the public policy identified in *Guerrero* of protecting a surviving spouse and minor children. The trial court concluded that this policy is paramount, survives the enactment of the U.P.C., and outweighs the distinction between probate and nonprobate assets. We disagree. The U.P.C., as adopted by Arizona, provides that a personal representative's power to set aside nontestamentary dispositions is limited to certain financial accounts with survivorship or pay-on-death designations. *See* A.R.S. § 14–6215(A).

¶ 10 Our primary goal in construing statutes is to discern legislative intent. *In re Guardianship/Conservatorship of Denton,* 190 Ariz. 152, 155, 945 P.2d 1283, 1286 (1997). The legislative purpose in adopting the bulk of the U.P.C. was " 'to provide for a substantial revision' of the state's probate laws." *Gonzalez v. Superior Ct.,* 117 Ariz. 64, 66, 570 P.2d 1077, 1079 (1977) (quoting 1973 Ariz. Sess. Laws, Ch. 75 § 4). "When a statute is based on a uniform act, we assume that the legislature 'intended to adopt the construction placed on the act by its drafters.' " *In re Estate of Dobert,* 192 Ariz. 248, 252, ¶ 17, 963 P.2d 327, 331, ¶ 17 (App.1998) (quoting *State v. Sanchez,* 174 Ariz. 44, 47, 846 P.2d 857, 860 (App.1993)).

¶ 11 Homestead, exempt property, and family allowances are defined in A.R.S. sections 14–2402 through 14–2404. These sections are substantially the same as sections 2–401 through 2–403 of the 1989 revision of the U.P.C. *See* U.P.C. §§ 2–401 to –403, 8 U.L.A. Pt. 1, 331–37 (1998). The drafters' general comment to these sections states:

> This part describes certain rights and values to which a surviving spouse and certain children of a deceased domiciliary are entitled in preference over unsecured creditors of the estate and persons to whom the estate may be devised by will.

*Id.* at 325.

¶ 12 Limiting the right to allowances as a preference only over testamentary devises is consistent with the comment to section 6–101 of the U.P.C. Section 6–101, adopted in Arizona as A.R.S. section 14–6101, allows individuals to contractually provide for nontestamentary transfers at death. Insurance policies are among those written instruments expressly identified as nontestamentary. The drafters' comment to section 6–101 states in part:

> Because the modes of transfer authorized by an instrument under this section are declared to be nontestamentary, the instrument does not have to be executed in compliance with the formalities for wills ..., *nor does the personal representative have any power or duty with respect to the assets.*

U.P.C. § 6–101, 8 U.L.A. Pt. 2, 431 (1998) (emphasis added).

¶ 13 Our courts have recognized that a personal representative generally has no power or duty over insurance proceeds and

other nontestamentary transfers. For example, the personal representative has no obligation to pay taxes on non-probate transfers unless directed otherwise by the decedent's will. *See Estate of Tovrea v. Nolan,* 173 Ariz. 568, 845 P.2d 494 (App.1992) (finding that tax clause in testator's will unambiguously directed personal representative to pay taxes attributable to non-probate estate for life insurance from residuary probate estate). Similarly, we find no statutory power or duty with regard to life insurance policies that would permit the personal representative to set aside the beneficiary designation to pay statutory allowances.

¶ 14 The Uniform Multiple–Person Accounts Act, adopted as chapter 6, article 2 of Arizona's probate code, defines and governs various financial accounts with survivorship or pay-on-death designations. *See* A.R.S. §§ 14–6201 to –6227. These accounts are included in the definition of nontestamentary transfers in A.R.S. section 14–6101. Article 2 accounts are expressly deemed ineffective against both creditors of an estate and statutory allowances available to a surviving spouse. *See* A.R.S. § 14–6215(A). No similar limitation has been placed on life insurance.

¶ 15 Protecting assets for a decedent's immediate family is an important policy incorporated in the probate code. This policy, however, competes with one that allows individuals to enter contractual relations and to make reasonable gifts of their share of community property as long as their conduct does not constitute fraud on a spouse. *See Gaethje,* 7 Ariz.App. at 549, 441 P.2d at 584. The legislature is empowered to weigh competing policies and can restrict both testamentary and nontestamentary dispositions. It has done so by granting the personal representative authority to set aside testamentary dispositions in order to pay statutory allowances and has also limited the power of individuals to make nontestamentary dispositions of property through multiple person accounts.

¶ 16 Thus, the legislature has expressly identified those non-probate transfers that can be reached to pay claims and statutory allowances when the estate is insufficient. The expression of one or more items in a class generally indicates an intent to exclude all items of the same class that are not expressed. *See State v. Roscoe,* 185 Ariz. 68, 71, 912 P.2d 1297, 1300 (1996). Because the legislature identified only certain nontestamentary transfers as sources from which an estate can be supplemented to pay statutory allowances to the surviving spouse, we conclude that it precluded the invalidation of other nontestamentary transfers including life insurance policies.

¶ 17 We do not consider appellant's contention that the trial court's order violates A.R.S. section 20–1131. Further, we reject appellant's argument that this matter must be remanded for an evidentiary hearing to determine whether Christina can rebut the statutory presumption that she consented to decedent naming his mother as the insurance beneficiary. The parties had agreed that no factual issues precluded the trial judge from resolving the legal issues; the legal memoranda filed by both parties tacitly assumed that Christina did not consent to decedent's designation of Barnd as beneficiary.

## III. CONCLUSION

¶ 18 We reverse the trial court's order granting the petition to include proceeds of the decedent's term life insurance policy in the probate estate for payment of statutory allowances to the surviving spouse. To the extent that *Guerrero* stands for the proposition that life insurance proceeds made payable to a third party can be reached to satisfy the statutory allowances when the probate estate is insufficient, it is no longer controlling. We remand for further proceedings to determine the community property rights of the surviving spouse in the insurance proceeds as set forth in *Gaethje,* 7 Ariz.App. 544, 441 P.2d 579.

CONCURRING: CECIL B. PATTERSON, Jr., Presiding Judge, and SUSAN A. EHRLICH, Judge.